UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80067-Cr-Middlebrooks/Brannon

UNITED STATES OF AMERICA,

v.

ANTONIO CORNELIUS WILLIAMSON,
a/k/a "Tony Pistol",

    Defendant.
_____/

**REPORT AND RECOMMENDATION
FOLLOWING CHANGE OF PLEA HEARING**

    THIS CAUSE is before the Court upon Order of Reference from U.S. District Judge Donald M. Middlebrooks and the consent of the parties for a U.S. Magistrate Judge to accept a guilty plea by Defendant Antonio Cornelius Williamson. The Court held a change of plea hearing on June 21, 2019, which was attended by Defendant, his counsel Scott Berry, and Assistant U.S. Attorney Rinku Tribuiani. The Court hereby advises as follows:

    1.    The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case. The Court further advised Defendant that a U.S. Magistrate Judge was conducting the change of plea hearing by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case. The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

1

2. The Court advised Defendant that he did not have to permit the undersigned to conduct this hearing and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4. A written plea agreement has been entered into by the parties in this case. This Court reviewed the plea agreement and had the Defendant acknowledge that he signed the plea agreement. This Court also made certain that Defendant was aware of any maximum sentences which could be imposed in this case pursuant to the plea agreement, sentencing guidelines, and applicable statutes.

5. Defendant acknowledged that he was fully satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. Defendant pled guilty to Counts Three and Four of the Superseding Indictment. Count Three charges the defendant with possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(a)(1). Count Four charges the defendant with possession of a firearm in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

7. The United States agreed to seek dismissal of Counts One and Two of the Superseding Indictment after sentencing.

8. The parties submitted a Stipulated Factual Proffer Supporting the Guilty Plea, made part of the record and signed by Defendant, his counsel, and the Government. This factual proffer includes all of the essential elements of the offenses to which Defendant pled guilty. The Government orally summarized the factual basis for the plea on the record, including the essential elements of each offense. Defendant acknowledged that he signed the factual proffer and that all the statements contained therein are true.

9. Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the undersigned

RECOMMENDS that Defendant, ANTONIO CORNELIUS WILLIAMSON, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to Counts 3 and 4 of the Superseding Indictment, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offenses, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter.

## **NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file any written objections with U.S. District Judge Donald M. Middlebrooks. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. *See Resolution Tr. Corp. v. Hallmark Builders. Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (I.O.P.-3)

DONE AND RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 21st day of June, 2019.

_____
BRUCE E. REINHART
U.S. MAGISTRATE JUDGE